UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTIE THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY JAIL, DR. VAKURIY, DR. MUGHAL, DAVID PADILLA, and TOYA COLEMAN,<br><br>Defendants. | ) | 08 C 3321<br><br>Judge George M. Marovich |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Scottie Thomas ("Thomas") filed a complaint against defendants Lake County Jail, Dr. Vakuriy, Dr. Mughal, David Padilla and Toya Coleman.[1] Plaintiff brought suit under § 1983 and alleged that defendants were deliberately indifferent to his need for pain medication and physical therapy. Defendants Dr. Vakuriy, Dr. Mughal, David Padilla and Toya Coleman move for summary judgment.[2] For the reasons set forth below, the Court grants the motion.

## I. Background

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the

---

[1]According to defendants, plaintiff improperly named defendant Venkata Vallury, M.D. as Dr. Valuriy and improperly named Toi Savage, R.N. as Toya Coleman.

[2]Defendant Lake County Jail was previously dismissed from this suit.

other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence. Here, plaintiff has failed to respond to defendants' motion for summary judgment.[3] The Court does not deem every fact put forth admitted; rather, the Court carefully considers whether each asserted fact is supported by admissible evidence. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. Defendants failed to support fact paragraphs 2-6 with admissible evidence. Those facts are not deemed admitted. The remainder of defendants facts were supported by admissible evidence, and those facts are deemed admitted.

The following facts are disputed.

Plaintiff Thomas was incarcerated as a pre-trial detainee in the Lake County Jail between December 23, 2007 and June 4, 2008. When he was released from the Lake County Jail, he was taken into custody by the Illinois Department of Corrections. Plaintiff claims that he was denied pain medication in January and February of 2008 and that he was denied physical therapy between January and May of 2008.

During his intake at the Lake County Jail, Thomas was provided a copy of the Inmate Manual. The Inmate Manual contained, among other things, a copy of the grievance policy for the Lake County Jail. The grievance policy states:

> An inmate grievance procedure is made available to all inmates and includes at least one level of appeal. The Lake County Adult Correctional Division staff

---

[3]Plaintiff is proceeding *pro se*. Defendants served Thomas with the *Notice to Pro Se Litigants Opposing Summary Judgment* that is required by Local Rule 56.2.

> makes every attempt to resolve any inmate problems in an informal manner. If you find that the resolution that you receive for your problem is not adequate, you may file an inmate grievance. See your pod officer for a grievance form.
>
> The officer will ask what the grievance is for, in order to determine if your situation can be resolved without filing a grievance. An answer is expected, unless it is a report of sexual harassment. On the form briefly describe the circumstances surrounding the grievance and how you would like the issue resolved, then return it to the pod officer. The officer will give you the pink copy of the form and forward the original to the grievance coordinator. The grievance committee will investigate and review your concern. You will receive a written response back within seven days of filing the grievance. *You may appeal the decision of the grievance committee by submitting an appeal to the Chief of Corrections.* The Chief's (or his designee's) decision is final.

(Emphasis added).

Thomas never appealed any decisions with respect to the denial of pain medication in January and February of 2008 or with respect to the denial of physical therapy between January and May of 2008.

## II. <u>Summary Judgment Standard</u>

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a

verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. **Discussion**

Defendants argue that they are entitled to summary judgment on plaintiff's § 1983 claim because plaintiff has failed to exhaust his administrative remedies. Prisoners must exhaust administrative remedies before filing a prison conditions suit under § 1983. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); 42 U.S.C. § 1997e(a). To do so, a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust is an affirmative defense, so defendants have the burden of proof. *Obriecht v. Raimisch*, 517 F.3d 489, 492 (7th Cir. 2007).

Here, the undisputed facts show that Thomas failed to exhaust his administrative remedies before filing suit. It is undisputed that Lake County Jail's grievance policy required Thomas to appeal any decisions with respect to his requests for pain medication and physical therapy. It is undisputed that Thomas never filed any appeals. Accordingly, it is clear as a matter of law that Thomas failed to exhaust his administrative remedies. Defendants are entitled to judgment as a matter of law on plaintiff's claims. The Court grants defendants' motion for summary judgment.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court grants the motion for summary judgment.

ENTER:

George M. Marovich
United States District Judge

DATED: January 12, 2010